■ ROBERT J. KRICK, by CAROL KRICK, as Guardian ad Litem, et al., Appellants, v FLUOR DANIEL, INC., et al., Respondents. STAMCO DIVISION OF MONARCH MACHINE TOOL Co., Third-Party Plaintiff, v ALCAN ROLLED PRODUCTS COMPANY et al., Third-Party Defendants-Respondents. [653 NYS2d 886] —Order affirmed without costs. Memorandum: Even assuming, arguendo, that Robert J. Krick was engaged in a protected activity when he was injured (*see, Holka v Mt. Mercy Academy,* 221 AD2d 949, *lv dismissed* 87 NY2d 1055), the complaint was properly dismissed. Because defendant Fluor Daniel, Inc. (Fluor Daniel), had no authority to supervise and control the work being performed by Krick, it is not liable pursuant to Labor Law § 240 (1) or § 241 (6) as an agent of the owner (*see, Russin v Picciano & Son,* 54 NY2d 311, 318; *Wright v Nichter Constr. Co.,* 213 AD2d 995, 995-996). Because there is no evidence that Fluor Daniel controlled the manner and method of Krick's work, it also is not liable pursuant to Labor Law § 200 (*see, Adamczyk v Hillview Estates Dev. Corp.,* 226 AD2d 1049; *Foster v Joseph Co.,* 216 AD2d 944, 945).

All concur, Wesley, J., not participating. (Appeal from Order of Supreme Court, Oswego County, Hurlbutt, J.—Summary Judgment.) Present—Denman, P. J., Pine, Wesley, Doerr and Balio, JJ.