■ DONALD R. GAMBEE, Respondent, v MARK J. DUNFORD, Appellant, et al., Defendants. [705 NYS2d 755] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff was hired by Mark J. Dunford (defendant) to construct defendant's single-family residence and was injured when he

allegedly tripped in the foyer on a stone and fell through a stairwell to the basement. Supreme Court properly denied that part of defendant's motion seeking summary judgment dismissing the Labor Law § 241 claim. "Owners of one-and two-family dwellings who contract for but do not direct or control" the work on the dwelling are exempt from liability under Labor Law § 241 (*Ennis v Hayes,* 152 AD2d 914, 915). "Whether an owner's conduct amounts to directing or controlling depends upon the degree of supervision exercised over the method and manner in which the work is performed" (*Ennis v Hayes, supra,* at 915; *see, Lieberth v Walden,* 223 AD2d 978, 979). There is no direction or control if the owner informs the worker what work should be performed, but there is direction and control if the owner specifies how that work should be performed (*see, Reyes v Silfies,* 168 AD2d 979, 979-980; *Rimoldi v Schanzer,* 147 AD2d 541, 545). Here, plaintiff raised an issue of fact whether defendant told plaintiff how to perform certain work.

The court should, however, have granted that part of defendant's motion seeking summary judgment dismissing the Labor Law § 200 claim and common-law negligence cause of action. The stone in the foyer constituted an alleged defect in the premises, and defendant cannot be liable without supervision or control of the general condition of the premises (*see, Miller v Wilmorite, Inc.,* 231 AD2d 843, 844) and notice, either actual or constructive, of the unsafe condition (*see, Chaney v New York City Tr. Auth.,* 12 AD2d 61, 68, *affd* 10 NY2d 871) or a showing that he created it (*see, Blackburn v Eastman Kodak Co.,* 256 AD2d 1123; *McCague v Walsh Constr.,* 225 AD2d 530). Defendant established as a matter of law that he had no notice of the condition and did not create it, and plaintiff failed to raise an issue of fact. We modify the order, therefore, by granting the motion of defendant in part and dismissing the Labor Law § 200 claim and common-law negligence cause of action against him. (Appeal from Order of Supreme Court, Erie County, O'Donnell, J.—Summary Judgment.) Present—Pine, J. P., Wisner, Hurlbutt, Balio and Lawton, JJ.