■ GARY M. SKINNER, Respondent, v ONEIDA-HERKIMER SOLID WASTE MANAGEMENT AUTHORITY, Appellant. [713 NYS2d 794] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff commenced this action to recover damages for injuries he sustained while working in a building owned by defendant. A portion of the second floor of the building, known

as the boiler platform, was made of metal grating and occupied half the building. Plaintiff's employer was hired by defendant to remove four electrical precipitators, which extended through the boiler platform and were each 15 feet wide by 20 feet long. When the first three electrical precipitators were removed, the holes remaining in the boiler platform were surrounded by guardrails. However, there was no guardrail installed after the removal of the fourth electrical precipitator. On the day of the accident, plaintiff was instructed to assist in removing a valve from the wall. Plaintiff stood on the boiler platform, about five feet away from the hole resulting from the removal of the fourth electrical precipitator. When the valve was cut from the wall, it struck plaintiff, causing him to stumble backward into the unguarded hole. Plaintiff fell approximately 20 to 25 feet to the ground floor.

Supreme Court properly granted plaintiff's motion seeking partial summary judgment on Labor Law § 240 (1) liability and denied that part of defendant's cross motion seeking partial summary judgment dismissing that cause of action. Plaintiff's fall from the elevated worksite is within the purview of Labor Law § 240 (1) (*see, Ring v Bristol Bldrs.,* 272 AD2d 877; *Nowak v Kiefer,* 256 AD2d 1129, *lv dismissed in part and denied in part* 93 NY2d 887, *rearg dismissed* 93 NY2d 1000; *Serino v Miller Brewing Co.* [appeal No. 2], 167 AD2d 917, 918-919, *lv dismissed* 78 NY2d 1008). Plaintiff established as a matter of law that the absence of any safety device was the proximate cause of his injuries (*see, Felker v Corning Inc.,* 90 NY2d 219, 224-225; *Ring v Bristol Bldrs., supra*). The court erred in not reaching that part of defendant's cross motion seeking partial summary judgment dismissing the Labor Law § 200 claim and common-law negligence cause of action. Defendant failed to establish as a matter of law that it did not exercise supervisory control over the safety of the worksite (*see, Motyka v Ogden Martin Sys.,* 272 AD2d 980; *Farrell v Okeic,* 266 AD2d 892), or that it neither created nor had actual or constructive notice of the hole in the boiler platform (*see, Blackburn v Eastman Kodak Co.,* 256 AD2d 1123; Carnicelli v Miller Brewing Co., 191 AD2d 980, 981; *cf., Gambee v Dunford,* 270 AD2d 809). We thus modify the order by denying defendant's cross motion in its entirety. (Appeal from Order of Supreme Court, Oneida County, Shaheen, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Hayes, Wisner, Scudder and Balio, JJ.