◼ JOHN C. PERRY et al., Respondents, v CITY OF SYRACUSE INDUSTRIAL DEVELOPMENT AGENCY et al., Appellants and Third-Party Plaintiffs-Appellants. S & H INTERIORS, INC., Third-Party Defendant-Respondent. [726 NYS2d 311] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by John C. Perry (plaintiff) when he tripped and fell on debris at a construction site. Supreme Court properly denied that part of defendants' motion seeking summary judgment dismissing the common-law negligence cause of action and Labor Law § 200 claim. Defendants contend that they exercised no supervision or control over plaintiff's work. Plaintiffs allege, however, that the accident occurred as a result of a dangerous condition on the premises, and thus whether defendants supervised or controlled plaintiff's work is irrelevant (*see, Reisch v Amadori Constr. Co.,* 273 AD2d 855, 857). Defendants failed to establish as a matter of law that they did not exercise any supervisory control over the general condition of the premises or that they neither created nor had actual or constructive notice of the dangerous condition on the premises (*see, Skinner v Oneida-Herkimer Solid Waste Mgt. Auth.,* 275 AD2d 890, 891; *see also, Sponholz v Benderson Prop. Dev.,* 273 AD2d 791, 792-793).

The court also properly denied that part of defendants' motion seeking summary judgment dismissing the Labor Law § 241 (6) claim. Contrary to defendants' contention, 12 NYCRR 23-1.7 and 23-2.1 (*see, Ozzimo v H.E.S., Inc.,* 249 AD2d 912, 914; *White v Farash Corp.,* 224 AD2d 978, 979) are sufficiently specific to support the Labor Law § 241 (6) claim. In addition, defendants failed to establish that their liability under that claim is solely vicarious, and thus the court properly denied that part of their motion seeking common-law indemnification from third-party defendant (*cf., Chapel v Mitchell,* 84 NY2d 345, 347-348).

Plaintiffs concede that Labor Law § 240 (1) does not apply to

this action, and we therefore modify the order by granting that part of defendants' motion seeking summary judgment dismissing that claim and dismissing the Labor Law § 240 (1) claim. We have considered defendants' remaining contention and conclude that it is without merit. (Appeal from Order of Supreme Court, Onondaga County, Murphy, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Wisner, Kehoe and Burns, JJ.