JOHN M. SCHULTZ, Respondent, v ROMAN IWACHIW et al., Appellants, and OOT BROTHERS, INC., Respondent. [725 NYS2d 511] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff commenced this action asserting claims under Labor Law §§ 200, 240 (1), and § 241 (6), and a common-law negligence cause of action based on injuries he sustained when he slipped and fell from a roof. Plaintiff's employer was hired by defendants Roman Iwachiw and Nadia Iwachiw to build a roof on their new home. Supreme Court erred in denying the motion of the Iwachiws for summary judgment dismissing the complaint and cross claims against them and in granting that part of plaintiff's cross motion seeking partial summary judgment on liability on the Labor Law § 240 (1) claim against them. The Iwachiws, as owners of a one-family dwelling, established that they are not liable under Labor Law § 240 (1) or § 241 (6) because they neither directed nor controlled plaintiff's work (*see, Bartoo v Buell,* 87 NY2d 362, 367), and plaintiff failed to raise a triable issue of fact. The statutory exemption applies even though Roman Iwachiw was present at the construction site from time to time and hired subcontractors to perform certain work (*see, Kostyj v Babiarz,* 212 AD2d 1010, 1011; *Lane v Karian,* 210 AD2d 549; *Kolakowski v Feeney,* 204 AD2d 693, 694). Plaintiff contends that the statutory exemption was waived by an agreement between the Iwachiws and an entity named Build Your Own Home, L. L. C. (BYOH), which acted as a consultant to the Iwachiws in the construction of their home. We disagree. The agreement provided that, as between the Iwachiws and BYOH, the Iwachiws were responsible for the safety and supervision of the worksite. Although the agreement gave the Iwachiws the authority to direct or control plaintiff's work, they did not actually do so. The Iwachiws further established that they had no actual or constructive notice of the allegedly slippery condition of the roof and did not create that condition, and plaintiff failed to raise an issue of fact (*see, Gambee v Dunford,* 270 AD2d 809, 810). The Iwachiws are thus not liable under Labor Law § 200 or common-law negligence.

We further conclude that the court properly granted the motion of defendant Oot Brothers, Inc. (Oot Brothers) for summary judgment dismissing the complaint and cross claim against it. Oot Brothers established that it was not an agent of the owner or a contractor, and thus was not liable under Labor Law § 240 (1) or § 241 (6) (*see, Russin v Picciano & Son,* 54 NY2d 311, 317-318; *Krick v Fluor Daniel,* 236 AD2d 783). In addition, Oot Brothers established that it did not exercise supervisory control over the safety of the worksite and neither created nor had actual or constructive notice of the allegedly dangerous condition, and thus was not liable under Labor Law § 200 or common-law negligence (*cf., Skinner v Oneida-Herkimer Solid Waste Mgt. Auth.,* 275 AD2d 890, 891).

We therefore modify the order by granting the motion of the Iwachiws and dismissing the complaint and cross claims against them, and denying in its entirety plaintiff's cross motion for partial summary judgment. (Appeal from Order of Supreme Court, Oswego County, McCarthy, J.—Summary Judgment.) Present—Green, J. P., Hayes, Hurlbutt, Scudder and Lawton, JJ.