■ In the Matter of ANN HOFFMAN, Individually and as Administratrix of the Estate of JAMES L. HOFFMAN, Deceased, Respondent, v LAKESHORE CENTRAL HIGH SCHOOL et al., Appellants. [735 NYS2d 452] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted claimants' motion for leave to serve a late notice of claim against respondents pursuant to Education Law § 3813 (2-a). Decedent, James L. Hoffman, was injured when he fell from a scaffold in the course of his employment with a company retained by respondents to conduct a multimillion dollar renovation of respondent high school. The court properly weighed the factors set forth in Education Law § 3813 (2-a), which are the same as those set forth in General Municipal Law § 50-e (5), and did not abuse its discretion in granting the motion (*see, Matter of Bowman v Capital Dist. Transp. Auth.,* 244 AD2d 638). (Appeal from Order of Supreme Court, Erie County, Glownia, J.—Notice of Claim.) Present—Hayes, J. P., Scudder, Burns, Gorski and Lawton, JJ.

■ DEAN RUSSELL et al., Appellants, v WIDEWATERS SOUTH BAY ROAD ASSOCIATES, L. L. P., Respondent. [735 NYS2d 900] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted that part of third-party defendant's cross motion seeking summary judgment dismissing the Labor Law § 240 (1) claim. Plaintiff Dean Russell, a subcontractor, tripped over an electrical cord while working on stilts and, in doing so, "did not encounter a hazard contemplated by the statute" (*Melber v 6333 Main St.,* 91 NY2d 759, 761). (Appeal from Order of Supreme Court, Onondaga County, Nicholson, J.—Summary Judgment.) Present—Hayes, J. P., Scudder, Burns, Gorski and Lawton, JJ.