■ DEBORAH A. BATEMAN et al., Respondents, v WALBRIDGE ALDINGER COMPANY et al., Appellants. [750 NYS2d 402] —Appeals from an order of Supreme Court, Erie County (Fahey, J.), entered March 26, 2002, which denied the motions of defendants for summary judgment dismissing the amended complaint and cross claims.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motions are granted and the amended complaint and cross claims are dismissed.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Deborah A. Bateman (plaintiff) in an industrial accident, alleging claims for common-law negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6). Defendants, Walbridge Aldinger Company (Walbridge), Louis P. Ciminelli Construction Co., Inc. and Ciminelli-Cowper Co., Inc. (collectively, Ciminelli) and Ferguson Electric Construction Co., Inc. (Ferguson), each appeal from an order denying their respective motions for summary judgment dismissing the amended complaint and cross claims "without prejudice to renew [following] the completion of discovery."

Supreme Court erred in denying defendants' motions pursuant to CPLR 3212 (f). "Plaintiffs failed to demonstrate that facts essential to oppose the motion exist and might be obtained by discovery (*see,* CPLR 3212 [f]; *Franklin v Dormitory Auth. of State of N.Y.,* 291 AD2d 854; *Maron v Hillside Children's Ctr.,* 247 AD2d 871)" (*Stevens v Calspan-Corp.,* 292 AD2d 809, 810; *see Waggoner v Lancet Arch,* 291 AD2d 831).

We conclude that Walbridge's motion should have been granted. The record establishes that Walbridge did not act, as alleged by plaintiffs, as either a general contractor or an engineering contractor, but instead acted as a construction manager or project coordinator. However, in order for a construction manager or project coordinator to be liable under Labor Law § 240 (1) or § 241 (6) as a statutory "agent" of the owner, the owner must have delegated to that party the authority to supervise or control the injury-producing work (*see Phillips v Wilmorite, Inc.,* 281 AD2d 945, 946, citing *Russin v Picciano & Son,* 54 NY2d 311, 318, and *Griffin v MWF Dev. Corp.,* 273 AD2d 907, 908-909; *Olney v Ciminelli-Cowper Co.,* 248 AD2d 1019; *Krick v Fluor Daniel,* 236 AD2d 783; *Kerr v Rochester Gas & Elec. Corp.,* 113 AD2d 412, 416-417). Here, Walbridge sustained its burden of demonstrating that it had no authority to supervise or control the work. Indeed, such authority was specifically withheld by the terms of the contract between the owner and Walbridge. Plaintiffs failed to raise a triable issue of fact with respect to Walbridge's alleged supervision and control. For the same reasons, and for the additional reasons that Walbridge did not create the dangerous condition and had no actual or constructive notice of it, no liability may be imposed against Walbridge for any alleged common-law negligence or violation of Labor Law § 200 (*see Schultz v Iwachiw,* 284 AD2d 980, 981, *lv denied in part and dismissed in part* 97 NY2d 625; *Yong Ju Kim v Herbert Constr. Co.,* 275 AD2d 709, 712; *Krick,* 236 AD2d 783; *see generally Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876, 877).

We further conclude that the motions of Ciminelli and Ferguson should have been granted. Those defendants demonstrated their entitlement to judgment as a matter of law by establishing their lack of any connection to or involvement in the project on which plaintiff was working when she was injured, and plaintiffs failed to raise a triable issue of fact. Absent any such involvement, Ciminelli and Ferguson lacked the requisite notice or control and thus may not be held liable for any alleged common-law negligence or violation of Labor Law § 200 (see Schultz, 284 AD2d at 981; Yong Ju Kim, 275 AD2d at 712; Krick, 236 AD2d 783; see generally Comes, 82 NY2d at 877). Further, they may not be subjected to liability as general contractors or subcontractors under Labor Law § 240 (1) or § 241 (6) (cf. Mosher v St. Joseph's Villa, 184 AD2d 1000, 1002). Plaintiffs failed to raise a triable question of fact with regard to the involvement of those defendants in the project. Present—Pigott, Jr., P.J., Hayes, Kehoe, Burns and Lawton, JJ.