■ ALLEN MILLARD, Appellant-Respondent, v HUEBER-BREUER CONSTRUCTION COMPANY, INC., Respondent-Appellant, and MURNANE BUILDING CONTRACTORS, INC., Respondent. (Appeal No. 1.) [771 NYS2d 771]—

Appeal and cross appeal from an order of the Supreme Court, Onondaga County (John V Centra, J.), entered July 28, 2003. The order granted plaintiff's motion for leave to renew and, upon renewal, modified a prior order.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by vacating the last three ordering paragraphs and as modified the order is affirmed without costs.

Memorandum: In this action to recover for personal injuries sustained by plaintiff in an accident at a construction site, plaintiff appeals and defendant Hueber-Breuer Construction Company, Inc. (Hueber-Breuer) cross-appeals from an order granting plaintiff's motion for leave to renew and, upon renewal, modifying an order entered on a prior set of motions and a cross motion. The prior order granted the cross motion of Hueber-Breuer for summary judgment dismissing the complaint against it in its entirety. For the reasons stated in our decision in *Millard v Hueber-Breuer Constr. Co.* (4 AD3d 817 [2004]), we conclude that Supreme Court properly adhered to its prior determination granting Hueber-Breuer summary judgment dismissing plaintiff's claim under Labor Law § 240 (1) against it but erred in failing to adhere to its prior determination granting Hueber-Breuer summary judgment dismissing the claim under Labor Law § 241 (6) against it. We note in particular plaintiff's continuing failure to allege and provide some evidence of the violation of a specific and applicable provision of the Industrial Code.

Upon our review of the record, we conclude that the court also erred in determining that there are triable issues of fact concerning whether Hueber-Breuer had the authority to supervise and control plaintiff's work and exercised actual control over it. In our view, the new evidence submitted by plaintiff on renewal does not raise a triable issue of fact concerning whether Hueber-Breuer supervised or directed plaintiff's work or breached a duty to provide plaintiff with a safe place to work (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]; *Scarupa v Lockport Energy Assoc.*, 245 AD2d 1038 [1997]; *Miller v Wilmorite, Inc.*, 231 AD2d 843 [1996]). The court thus erred in reinstating plaintiff's claims under Labor Law § 200 and common-law negligence against Hueber-Breuer. For the same reason, we conclude that the court erred in not adhering to its initial determination granting a conditional order of indemnification in favor of Hueber-Breuer against its codefendant. We therefore modify the order by vacating the last three ordering paragraphs. Present—Wisner, J.P., Hurlbutt, Scudder, Kehoe and Hayes, JJ.