■ ALLEN MILLARD, Appellant, v HUEBER-BREUER CONSTRUCTION COMPANY, INC., et al., Respondents. (Appeal No. 2.) [772 NYS2d 173]—

Appeal from an order of the Supreme Court, Onondaga County (John V Centra, J.), entered August 20, 2002. The order, inter alia, denied plaintiff's motion for partial summary judgment on the issue of liability under Labor Law § 240 (1).

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries that he sustained in an accident at a construction site, asserting, inter alia, claims under Labor Law § 240 (1) and § 241 (6). The record establishes that plaintiff was injured while standing within the railed platform of a movable manlift, next to an unsecured load of sheetrock. The sheetrock panels were positioned upright on the platform, long edge down, and were resting against the railing of the lift. When another worker attempted to raise the platform, it tilted, and the sheetrock toppled onto or shifted against plaintiff's leg, fracturing it.

Supreme Court properly denied plaintiff's motion for partial summary judgment on the issue of liability on the Labor Law § 240 (1) claim and properly granted the cross motion of defendant Murnane Building Contractors, Inc. for summary judgment dismissing that claim against it and that part of the cross motion of defendant Hueber-Breuer Construction Company, Inc. (Hueber-Breuer) for summary judgment dismissing that claim against it. Section 240 (1) is intended to protect against those unique gravity-related hazards involving either "a difference between the elevation level of the required work and a lower level or a difference between the elevation level where the worker is positioned *and the higher level of the materials or load being hoisted or secured*" (*Misseritti v Mark IV Constr. Co.,* 86 NY2d 487, 491 [1995], *rearg denied* 87 NY2d 969 [1996] [emphasis added]; *see Nordic v Manhasset Bay Assoc.,* 96 NY2d 259, 269 [2001]; *Nieves v Five Boro A.C. & Refrig. Corp.,* 93 NY2d 914, 916 [1999]; *Melo v Consolidated Edison Co.,* 92 NY2d 909, 911 [1998]). Thus, under the circumstances of this case, plaintiff may not recover under section 240 (1) as a matter of law (*see Melo,* 92 NY2d at 911; *Misseritti,* 86 NY2d at 490-491; *Rodriguez v Margaret Tietz Ctr. for Nursing Care,* 84 NY2d 841, 843-844 [1994]).

The court also properly granted that part of the cross motion of Hueber-Breuer, the construction manager, for summary judgment dismissing plaintiff's claim under Labor Law § 241 (6) against it. Hueber-Breuer established that it was not authorized to supervise or control plaintiff or the injury-producing work, and plaintiff failed to raise a triable issue of fact concerning Hueber-Breuer's alleged liability as an agent of the owner (*see Bateman v Walbridge Aldinger Co.,* 299 AD2d 834, 835 [2002], *lv denied* 100 NY2d 502 [2003]; *Phillips v Wilmorite, Inc.,* 281 AD2d 945, 946 [2001]; *Krick v Fluor Daniel,* 236 AD2d 783 [1997]; *see also Russin v Picciano & Son,* 54 NY2d 311, 318 [1981]). In any event, the court's dismissal of the Labor Law § 241 (6) claim was proper given plaintiff's failure to allege, much less submit proof of, the violation of a specific and applicable provision of the Industrial Code (*see Schuler v Kings Plaza Shopping Ctr. & Marina,* 294 AD2d 556, 558 [2002]; *Cody v Garman,* 266 AD2d 850, 851 [1999]; *Charles v City of New York,* 227 AD2d 429, 430 [1996], *lv denied* 88 NY2d 815 [1996]; *Orr v David Christa Constr.,* 206 AD2d 881, 882 [1994]; *see generally Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 503-505 [1993]). Present—Wisner, J.P., Hurlbutt, Scudder, Kehoe and Hayes, JJ.