■ JOANNE CARADORI, Appellant, v MED INN CENTERS OF AMERICA, LLC, et al., Respondents. [773 NYS2d 713]—

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered October 1, 2002. The order denied plaintiff's motion for partial summary judgment on liability under Labor Law § 240 (1) and granted defendants' cross motions for summary judgment dismissing the amended complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the cross motions in part, reinstating the Labor Law § 241 (6) cause of action against defendants Med Inn Centers of America, LLC and S. Federowicz Concrete Construction, Inc. to the extent that it is premised on a violation of 12 NYCRR 23-4.2 (i) and reinstating the Labor Law § 200 and common-law negligence causes of action and as modified the order is affirmed without costs.

Memorandum: Supreme Court properly denied plaintiff's motion for partial summary judgment on liability under Labor Law § 240 (1) and granted those parts of defendants' cross motions for summary judgment dismissing plaintiff's section 240 (1) cause of action. Plaintiff was injured when she fell into a three-foot-deep trench that had just been dug for the purpose of laying concrete forms. "A worker who falls into a trench from the side is not covered by Labor Law § 240 (1) because such an injury results from the usual and ordinary dangers of a construction site" (*Gottstine v Dunlop Tire Corp.*, 272 AD2d 863, 864 [2000]). Because plaintiff was working at a ground level work site, she was not exposed to " 'the type of hazard that the use or placement of the safety devices enumerated in Labor Law § 240 (1) was designed to protect against' " (*Panepinto v L.T.V. Steel Co.*, 207 AD2d 1006, 1006 [1994]; *see Bradshaw v National Structures*, 249 AD2d 921 [1998]; *cf. Congi v Niagara Frontier Transp. Auth.*, 294 AD2d 830 [2002]).

The court erred in granting those parts of the cross motions of defendants Med Inn Centers of America, LLC and S. Federowicz Concrete Construction, Inc. (S. Federowicz) for summary judgment dismissing plaintiff's Labor Law § 241 (6) cause of action against them to the extent that it is premised on a violation of 12 NYCRR 23-4.2 (i). That Industrial Code regulation provides that, "[w]here no work is being performed in an unattended open excavation which has substantially vertical sides or banks three feet or more in depth, such excavation shall be effectively guarded on all open sides regardless of the location of such excavation." Plaintiff established that the trench here was unattended at the time she fell into it and no work was being performed in it, and thus there is an issue of fact whether those defendants are liable under Labor Law § 241 (6). However, the court properly granted that part of the cross motion of defendant Cannon Design, Inc. (Cannon) for summary judgment dismissing plaintiff's Labor Law § 241 (6) cause of action against it. Cannon established that, as the construction manager on the project, it did not have the power to supervise or control the methods of the contractors' or subcontractors' work, and thus it is not liable under Labor Law § 241 (6) as a statutory agent, and plaintiff failed to raise a triable issue of fact (*see Bateman v Walbridge Aldinger Co.*, 299 AD2d 834 [2002]).

Lastly, the court also erred in granting those parts of defendants' cross motions for summary judgment dismissing plaintiff's causes of action under Labor Law § 200 and for common-law negligence. Section 200 is a codification of the

common-law duty imposed on owners and general contractors to maintain a safe work site (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]). There is a triable issue of fact whether defendants violated that duty based on the action of S. Federowicz's only employee at the work site, the backhoe operator, in digging a trench and not warning other workers in the area who were traversing the work site while carrying concrete forms to the open trench. Present—Pigott, Jr., P.J., Green, Wisner, Hurlbutt and Gorski, JJ.