■ ANDREW HENNARD et al., Appellants, v HERBERT BOYCE et al., Respondents. KEATING BOULEVARD ASSOCIATES, LLC, Third-Party Plaintiff-Appellant, v JAVEN CONSTRUCTION Co., INC., Third-Party Defendant-Respondent. [776 NYS2d 411]—

Appeals from an order of the Supreme Court, Monroe County (Robert J. Lunn, J.), entered May 1, 2003 in a personal injury action. The order, insofar as appealed from, granted the cross motion of defendants Herbert Boyce and Herb Boyce Grading Co., Inc. for summary judgment dismissing the amended complaint and cross claim against them and granted in part and dismissed in part the cross motion of defendant third-party plaintiff for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the cross motion of defendants Herbert Boyce and Herb Boyce Grading Co., Inc. in part, reinstating the Labor Law § 200 claim against them, and denying that part of the cross motion of defendant third-party plaintiff with respect to the third-party complaint and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover for personal injuries sustained by Andrew Hennard (plaintiff) at a construction site. The amended complaint names as defendants Keating Boulevard Associates, LLC (Keating), the owner of the site, and Herbert Boyce and Herb Boyce Grading Co., Inc. (Boyce Grading), an excavation subcontractor (collectively, Boyce defendants). The amended complaint states a single cause of action alleging a violation of Labor Law §§ 200 and 241 (6). Keating impleaded Javen Construction Co., Inc., the general contractor and plaintiff's employer, seeking contractual indemnification.

Supreme Court properly granted that part of the cross motion of Keating for summary judgment dismissing the amended complaint and cross claims against it. The court likewise properly granted that part of the cross motion of the Boyce defendants for summary judgment dismissing the section 241 (6) claim against them. With regard to the Labor Law § 241 (6) claim, we conclude that the regulations relied upon by plaintiff have no application to the manner in which plaintiff allegedly sustained his injury (*see Perillo v Pleasant View Assoc.,* 292 AD2d 773, 774 [2002] [12 NYCRR 23-1.7 (d)]; *Magnuson v Syosset Community Hosp.,* 283 AD2d 404, 405 [2001] [12 NYCRR 23-4.2 (a)]; *Waszak v State of New York,* 275 AD2d 916, 917 [2000] [12 NYCRR 23-1.23 (a)]; *Sebring v Wheatfield Props. Co.,* 255 AD2d 927, 929 [1998] [same]; *Gielow v Rosa Coplon Home,* 251 AD2d 970, 971 [1998], *lv dismissed in part and denied in part* 92 NY2d 1042 [1999], *rearg denied* 93 NY2d 889 [1999] [12 NYCRR 23-1.7 (d), (f)]).

With respect to the issue of Keating's liability under Labor Law § 200, we conclude that Keating sustained its burden of demonstrating that it lacked control over the general condition of the premises and neither created nor had actual or constructive notice of any allegedly dangerous condition thereof, and we further conclude that plaintiff failed to raise a triable issue of fact (*see Schultz v Iwachiw,* 284 AD2d 980, 981 [2001], *lv dismissed in part and denied in part* 97 NY2d 625 [2001]; *cf. Perry v City of Syracuse Indus. Dev. Agency,* 283 AD2d 1017 [2001]).

We conclude, however, that the court erred in granting that part of the cross motion of the Boyce defendants for summary judgment dismissing the Labor Law § 200 claim against them. The Boyce defendants failed to establish as a matter of law that they did not exercise any supervisory control over the general condition of the premises and neither created nor had actual or constructive notice of any allegedly dangerous condition of those premises (*see Perry,* 283 AD2d at 1017; *Skinner v Oneida-Herkimer Solid Waste Mgt. Auth.,* 275 AD2d 890, 891 [2000]). We therefore modify the order by denying the cross motion of the Boyce defendants in part and reinstating the Labor Law § 200 claim against them.

We further modify the order by denying Keating's cross motion insofar as it seeks a nonconditional order of summary judgment on liability on the third-party complaint. The court erred in treating that part of Keating's cross motion as moot. The claim of Keating for contractual indemnification is viable, notwithstanding the dismissal of the amended complaint against

it, insofar as Javen may be contractually obligated to indemnify Keating for attorneys' fees and other litigation costs incurred by Keating in defending the action thus far. Nevertheless, the indemnification obligation is triggered only in the event of a finding of negligence on the part of Javen, the contractor, or Boyce Grading, the subcontractor, and "[t]here is no basis in the record to find such negligence as a matter of law" (*Colyer v K Mart Corp.*, 273 AD2d 809, 810 [2000]; *see Brickel v Buffalo Mun. Hous. Auth.*, 280 AD2d 985 [2001]; *Malecki v Wal-Mart Stores*, 222 AD2d 1010, 1011 [1995]). Present—Wisner, J.P., Hurlbutt, Scudder, Kehoe and Gorski, JJ.