OPINION OF THE COURT
John P. Lane, J.
This action arises out of an accident that occurred on Febru *352 ary 5, 2001. Plaintiff Gerald Kennedy was an employee of Sahlem’s Roofing, a commercial roofing contractor, which was engaged in replacing an existing roofing system on a commercial building owned by defendant James DeMarco and occupied by defendant Pine Hill Coffee Services, Inc. James DeMarco was president and chief executive officer of the corporate defendant. While Gerald Kennedy was gluing rubber insulation to the multi-tiered roof surface of the building, he slipped either on the glue or the rubber surface and fell, sustaining injuries. His fall from the roof was about 9 or 10 feet to a lower level of the structure. It is undisputed that defendants had failed to provide any safety equipment such as warning lines, tie-offs, safety lines, harnesses, toe rails or other railings or barricades that would have protected Kennedy.
Plaintiffs now move for partial summary judgment claiming the accident and injuries resulted from a violation of Labor Law § 240 (1). For the reasons that follow, the motion is granted.
Defendants contend Gerald Kennedy was a recalcitrant worker and that a safety device had been provided, claims which are intertwined. According to defendants, while Kennedy was pushing the glue machine on the roof, he was working with a coemployee by the name of Dorian, who acted as his “spotter,” that is, he warned Kennedy when he was getting too close to the edge of the roof. In contrast, Kennedy maintains that Dorian was occupied gluing rubber material to another area of the roof and was not functioning as a lookout or “spotter” for him. Defendants argue that when Dorian left the area of the roof where he and Kennedy were working to get additional glue, plaintiff should have stopped working until he returned. Plaintiff kept working and eventually slipped and fell over the edge of the roof. According to defendants’ theories, Dorian was a “safety device” and Kennedy’s failure to wait for Dorian to return made him a recalcitrant worker.
“Labor Law § 240 (1) imposes absolute liability on owners, contractors and agents for their failure to provide workers with safety devices that properly protect against elevation-related special hazards” (Striegel v Hillcrest Hgts. Dev. Corp., 100 NY2d 974, 977 [2003]; see Rocovich v Consolidated Edison Co., 78 NY2d 509 [1991]). Negligence, if any, of the injured worker is of no significance (see Zimmer v Chemung County Performing Arts, 65 NY2d 513, 521 [1985]). Only where the injured worker’s actions are the sole proximate cause of his injuries is he barred from recovery under section 240 (1) (see Weininger v Hagedorn & Co., 91 NY2d 958 [1998]).
*353 Whether Dorian was acting as a “spotter” for Gerald Kennedy does not raise a triable issue of fact, as a coemployee functioning in that capacity does not satisfy the requirements of Labor Law § 240 (1). That section commands that all contractors and owners engaged “in the erection, demolition, repairing, altering . . . of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.” (Labor Law § 240 [1].) Defendants’ argument that Dorian was a “spotter” and therefore a “safety device” satisfying the requirements of section 240 (1) lacks merit. The word device is not defined in the Labor Law. Thus, reference must be made to its plain or commonly understood meaning (see McKinney’s Cons Laws of NY, Book 1, Statutes § 94). A device is a piece of equipment or a mechanism designed to serve a special purpose or perform a special function (see Merriam-Webster Collegiate Dictionary 317 [10th ed 1995]) or an invention or contrivance; any result of design (Black’s Law Dictionary 462 [7th ed 1999]), not a person. An interpretation of the word “device,” which excludes a human being from its meaning, comports with common sense and the rule of ejusdem generis (see McKinney’s Cons Laws oí NY, Book 1, Statutes § 239 [b]).
Plaintiffs have established as a matter of law that the absence of any safety device protecting plaintiff Gerald Kennedy was the proximate cause of his injuries (see Felker v Corning Inc., 90 NY2d 219 [1997]; Majewski v U.S. Food Serv., 291 AD2d 821 [2002]; Skinner v Oneida-Herkimer Solid Waste Mgt. Auth., 275 AD2d 890 [2000]). Thus, they are entitled to the relief sought on this motion.