■ NICHOLAS PIAZZA, Appellant, v SHAW CONTRACT FLOORING SERVICES, INC., Doing Business as SPECTRA CONTRACT FLOORING, et al., Respondents. [834 NYS2d 776]—

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered May 30, 2006 in a personal injury action. The order, insofar as appealed from, granted those parts of the motions of defendants for summary judgment dismissing the supplemental complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying those parts of the motions for summary judgment dismissing the common-law negligence and Labor Law § 200 claims and reinstating those claims and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this common-law negligence and Labor Law action seeking damages for injuries he sustained when he fell through a hole in the floor of an apartment to the subfloor below. Plaintiff, an employee of the Buffalo Municipal Housing Authority (BMHA), was responsible for cleaning and removing trash from vacant apartments. BMHA contracted with defendant Shaw Contract Flooring Services, Inc., doing business as Spectra Contract Flooring (Spectra), to perform all flooring work in BMHA units, and Spectra subcontracted with defendant Gregory Simmons, individually and doing business as Simmons Flooring and Remodeling (Simmons). Upon inspecting the apartment after it was vacated, BMHA personnel sent a work order to Spectra after noting that the kitchen floor was "very spongy." Spectra referred the work to Simmons, who cut out portions of the kitchen floor. The following day, plaintiff and his coworkers were directed to remove trash from the apartment, and plaintiff fell through a hole in the kitchen floor.

Supreme Court erred in granting those parts of the respective motions of defendants for summary judgment dismissing the common-law negligence and Labor Law § 200 claims against them, and we therefore modify the order accordingly. We reject the contentions of defendants that they are not liable under those claims because they did not control plaintiff's work. The fact that they did not supervise plaintiff's work is not dispositive under the circumstances of this case. Plaintiff alleges "that the accident occurred as a result of a dangerous condition on the premises, and thus whether defendants supervised or controlled plaintiff's work is irrelevant" (*Perry v City of Syracuse Indus. Dev. Agency*, 283 AD2d 1017, 1017 [2001]; *see Miller v Wilmorite, Inc.*, 231 AD2d 843, 844 [1996]). Defendants failed to meet their initial burden of establishing that they did not supervise the flooring work or the general condition of the premises, and they failed to establish that they did not create or have actual or constructive notice of the dangerous condition (*see Mahoney v Madeira Assoc.*, 32 AD3d 1303, 1304 [2006]; *Perry*, 283 AD2d at 1017; *Gambee v Dunford*, 270 AD2d 809, 810 [2000]).

We further conclude, however, that the court properly granted those parts of the respective motions of defendants seeking summary judgment dismissing the Labor Law § 241 (6) claims against them. Labor Law § 241 (6) "is meant to protect workers engaged in duties connected to the inherently hazardous work of construction, excavation or demolition" (*Nagel v D & R Realty Corp.*, 99 NY2d 98, 101 [2002]; *see Esposito v New York City Indus. Dev. Agency*, 1 NY3d 526, 528 [2003]). Here, although there was construction work being performed at the apartment, i.e., the replacement of the flooring, plaintiff's work in removing trash from the vacant apartment was not part of that construction (*see generally Spadola v 260/261 Madison Equities Corp.*, 19 AD3d 321, 323 [2005], *lv denied and dismissed* 6 NY3d 770 [2006]; *Petermann v Ampal Realty Corp.*, 288 AD2d 54, 55 [2001]). Indeed, plaintiff's supervisor at BMHA acknowledged that plaintiff should not have been sent to that apartment because of the work being performed there. Thus, because "the protections of Labor Law § 241 (6) do not apply to claims arising out of maintenance of a building or structure outside of the construction context" (*Nagel*, 99 NY2d at 99), we conclude on this record that the court properly granted defendants' motions with respect to the claims pursuant to Labor Law § 241 (6). Present—Hurlbutt, J.P., Martoche, Smith, Centra and Peradotto, JJ.