■ ROBERT UZAR et al., Appellants, v LOUIS P. CIMINELLI CONSTRUCTION CO., INC., et al., Respondents, et al., Defendants. [862 NYS2d 234]—

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered April 4, 2007 in a personal injury action. The order, insofar as appealed from, granted the motion of defendant Turner Construction Company and the cross motion of defendant Louis P. Ciminelli Construction Co., Inc. for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Robert Uzar (plaintiff) in a construction accident. Plaintiffs stipulated to the dismissal of all causes of action except the Labor Law § 241 (6) claim against defendant Turner Construction Company (Turner) and the common-law negligence and Labor Law § 200 claims against de-

fendant Louis P. Ciminelli Construction Co., Inc. (Ciminelli). Supreme Court properly granted the motion of Turner and the cross motion of Ciminelli for summary judgment dismissing the complaint.

We reject plaintiffs' contention that Turner, as the construction manager, was acting as the general contractor or as the agent of Erie County (County) on the construction project and therefore is subject to liability for plaintiff's safety pursuant to Labor Law § 241 (6). "An entity is a contractor within the meaning of Labor Law . . . § 241 (6) if it had the power to enforce safety standards and choose responsible subcontractors . . . and an entity is a general contractor if, in addition thereto, it was responsible for coordinating and supervising the . . . project" (*Mulcaire v Buffalo Structural Steel Constr. Corp.*, 45 AD3d 1426, 1428 [2007]). Here, the express terms of the contract pursuant to which the County hired Turner as construction manager for the project provide that Turner was not responsible for the safety of the workers at the construction site. Turner did not hire the subcontractors (*see Bach v Emery Air Frgt. Corp.*, 128 AD2d 490, 491 [1987]; *cf. Mulcaire*, 45 AD3d at 1428), and it had no authority to control the manner in which the work was performed (*see Caradori v Med Inn Ctrs. of Am.*, 5 AD3d 1063, 1064 [2004]). In addition, Turner had no authority to enforce safety measures or to stop work on the project because of unsafe work practices (*see Damiani v Federated Dept. Stores, Inc.*, 23 AD3d 329, 331-332 [2005]; *cf. Sheridan v Albion Cent. School Dist.*, 41 AD3d 1277, 1278-1279 [2007]; *Relyea v Bushneck*, 208 AD2d 1077, 1078 [1994]). Consequently, we conclude that Turner met its initial burden on its motion by establishing its entitlement to judgment as a matter of law (*see Millard v Hueber-Breuer Constr. Co.*, 4 AD3d 817, 818 [2004]), and plaintiffs failed to raise a triable issue of fact whether Turner was liable as a general contractor or an agent of the owner (*see Bateman v Walbridge Aldinger Co.*, 299 AD2d 834, 835 [2002], *lv denied* 100 NY2d 502 [2003]; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Contrary to plaintiffs' further contention, Ciminelli met its burden on its cross motion for summary judgment dismissing the common-law negligence and Labor Law § 200 claims by establishing that there was "no evidence . . . to demonstrate that [Ciminelli] had any control or supervisory role over the work of the plaintiff, so as to enable it to prevent or correct any unsafe conditions" (*Linkowski v City of New York*, 33 AD3d 971, 975 [2006]), and plaintiffs failed to raise a triable issue of fact. Finally, we cannot agree with plaintiffs that Ciminelli cre-

ated the dangerous condition and thus is liable under the common-law negligence claim. Rather, Ciminelli established as a matter of law that it did not create the dangerous condition that allegedly caused plaintiff to fall, and plaintiffs failed to raise a triable issue of fact (*cf. Severino v Hohl Indus. Servs.*, 300 AD2d 1049 [2002]). Present—Martoche, J.P., Smith, Centra, Lunn and Pine, JJ.