■ Mark McNabb, Respondent-Appellant, v Oot Bros., Inc., et al., Respondents, and Bryan Place et al, Appellants-Respondents. [882 NYS2d 792]—

Appeal and cross appeal from an order of the Supreme Court,

Onondaga County (Donald A. Greenwood, J.), entered May 2, 2008 in a personal injury action. The order granted the motion of defendant Oot Bros., Inc. for summary judgment, granted in part the motion of defendants Bryan Place and Jacqueline Place for summary judgment, and granted the cross motion of defendant Build Your Own Home, LLC for summary judgment.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting the motion of defendants Bryan Place and Jacqueline Place in its entirety and dismissing the amended complaint against those defendants and as modified the order is affirmed without costs.

Memorandum: Plaintiff was injured while performing work for his employer, Fleetwood Drywall, Inc., at a house being built by defendants Bryan Place and Jacqueline Place. Plaintiff was working on stilts when he tripped over an electrical cord, causing him to fall and sustain injuries. The Places contracted with defendants Oot Bros., Inc. (Oot) and Build Your Own Home, LLC (BYOH) for consulting services in connection with the design and construction of the house. Plaintiff commenced this action alleging violations of Labor Law §§ 200, 241 (1) and § 241 (6), as well as common-law negligence.

Oot moved for summary judgment dismissing the amended complaint against it on the ground that it acted as a consultant, not a general contractor or agent, and thus that the Labor Law cause of action should be dismissed against it. In addition, Oot contended that it did not direct or control plaintiff's work and thus that both the common-law negligence cause of action and the Labor Law § 200 claim should be dismissed against it. The Places also moved for summary judgment dismissing the amended complaint against them, and BYOH cross-moved for that same relief.

Supreme Court concluded that none of the defendants was liable under Labor Law § 240 (1) because plaintiff's accident was not caused by an elevation-related hazard. The court further concluded that neither Oot nor BYOH acted as a general contractor or agent of the Places and therefore were not liable under Labor Law § 240 (1) or § 241 (6). The court also concluded that Oot and BYOH were not liable for common-law negligence or Labor Law § 200 because, inter alia, they did not exercise supervisory control over the safety of the work site. With respect to the Labor Law § 241 (6) claim against the Places, the court determined that plaintiff raised an issue of fact whether the Places directed or controlled the work and thus that they were not entitled to dismissal of that claim under the homeowner's exemption in the statute. The court, however, dismissed the

Labor Law § 241 (6) claim against the Places insofar as it was based on 12 NYCRR 23-1.5 (a) because that regulation is not sufficiently specific to support that claim. Finally, with respect to the common-law negligence cause of action and Labor Law § 200 claim against the Places, the court concluded that the Places did not actually move for summary judgment with respect to that cause of action and claim. The Places appeal from the order, and plaintiff cross-appeals from the order with the exception, as limited by his brief, of that part dismissing the Labor Law § 241 (6) claim against all defendants based on 12 NYCRR 23-1.5 (a).

Contrary to the contention of plaintiff on his cross appeal, the court properly dismissed the Labor Law § 240 (1) claim against all defendants because the accident does not fall within the purview of that statute (*see Melber v 6333 Main St.*, 91 NY2d 759, 763-764 [1998]; *Russell v Widewaters S. Bay Rd. Assoc.*, 289 AD2d 1025 [2001]). We further conclude that neither Oot nor BYOH served as general contractors or agents of the owners and thus that the court properly determined that they are not liable under Labor Law § 240 (1) or § 241 (6) (*see generally Russin v Louis N. Picciano & Son*, 54 NY2d 311, 317-318 [1981]).

With respect to the Labor Law § 241 (6) claim against the Places, we conclude that the court erred in determining that they are not entitled to the homeowner's exemption set forth therein. The fact that they were in effect acting as their own general contractor "will not bar application of the single-family homeowner exemption so long as [they] did not control or direct the method or manner of the work being performed by plaintiff at the time of the injury" (*Soskin v Scharff*, 309 AD2d 1102, 1104 [2003]). Here, the Places established that they did not control or direct the manner in which plaintiff or his employer performed the insulation work in the house, they did not provide the electrical cord in plaintiff's work area, and they did not suggest that any particular tools, materials or safety devices be used (*see Jumawan v Schnitt*, 35 AD3d 382 [2006], *lv denied* 8 NY3d 809 [2007]). The exemption applies "even though [the Places were] present at the construction site from time to time and hired subcontractors to perform certain work" (*Schultz v Iwachiw*, 284 AD2d 980, 980 [2001], *lv dismissed in part and denied in part* 97 NY2d 625 [2001]).

Having addressed the Labor Law § 240 (1) and § 241 (6) claims against all defendants, we now turn to the remainder of the amended complaint, i.e., the common-law negligence cause of action and the Labor Law § 200 claim. We conclude with re-

spect to Oot and BYOH that the court properly granted summary judgment dismissing that cause of action and claim against them. As the court properly concluded, those defendants established that they did not have the authority to control plaintiff's work and thus neither can be liable under the statute for failure to provide a safe place to work (see Russin, 54 NY2d at 317). The presence of either an Oot or BYOH employee at the site is insufficient to impose liability on those defendants for common-law negligence or under Labor Law § 200 (see Burkoski v Structure Tone, Inc., 40 AD3d 378, 381 [2007]).

As previously noted, the court determined that the Places did not seek summary judgment dismissing the common-law negligence cause of action and Labor Law § 200 claim against them, and the court therefore did not address that cause of action and claim against them. We conclude, however, that the Places did in fact implicitly seek that relief by contending in support of their motion that they did not direct or control the work and thus could not be held liable for plaintiff's injuries. We further conclude that the Places are entitled to summary judgment with respect to common-law negligence and Labor Law § 200 because they established that they did not exercise supervisory control over the work of plaintiff and his employer and that they neither created nor had actual or constructive notice of the dangerous condition (see Hennard v Boyce, 6 AD3d 1132, 1133 [2004]). Although the agreement between Oot and the Places gave the Places the authority to direct or control plaintiff's work and the safety at the site, the record establishes that they did not actually do so (see Schultz, 284 AD2d at 980).

We therefore modify the order by granting the motion of the Places in its entirety and dismissing the Labor Law § 241 (6) claim in its entirety, the common-law negligence cause of action and the Labor Law § 200 claim, thereby dismissing the amended complaint against them. Present—Scudder, P.J., Hurlbutt, Martoche, Smith and Centra, JJ.