██ Kimberly A. Shrout, Individually and as the Administratrix of the Estate of Raymond Shrout, Deceased, Appellant, v Rochester Gas & Electric Corporation et al., Defendants, and Frank B. Iacovangelo, as Public Administrator of the Estate of Dale Fravel, Deceased, Respondent. [909 NYS2d 855]—

Appeal from a judgment and order (one paper) of the Supreme Court, Monroe County (John J. Ark, J.), entered August 10, 2009. The judgment and order granted the motion of defendant Frank B. Iacovangelo, as Public Administrator of the estate of Dale Fravel, deceased, for summary judgment dismissing the complaint and all cross claims against him.

It is hereby ordered that the judgment and order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the first and fifth causes of action against defendant Frank B. Iacovangelo, as Public Administrator of the estate of Dale Fravel, deceased, insofar as those causes of action, as amplified by the bill of particulars, allege that Dale Fravel permitted a dangerous condition to exist on the premises, and reinstating the ninth cause of action and the cross claims against that defendant and as modified the judgment and order is affirmed without costs.

Memorandum: Plaintiff commenced this action, as administratrix of the estate of Raymound Shrout (decedent) and individually, seeking damages for the wrongful death of decedent, who was electrocuted while installing siding on the home of Dale Fravel. The complaint, as amplified by the bill of particulars, alleges, inter alia, that Fravel failed to provide decedent with proper equipment and adequate supervision and allowed an unsafe condition to exist on the premises. Plaintiff appeals from a judgment and order granting the motion of defendant Frank B. Iacovangelo, as Public Administrator of Fravel's estate (hereafter, Public Administrator), for summary judgment dismissing the complaint and all cross claims against him. We agree with plaintiff that Supreme Court erred in granting those parts of

the motion seeking summary judgment dismissing the first and fifth causes of action, for common-law negligence, against the Public Administrator insofar as those causes of action, as amplified by the bill of particulars, allege that Fravel permitted a dangerous condition to exist on the premises. We therefore modify the judgment and order accordingly.

In support of the motion and on appeal, the Public Administrator addressed only the issue whether Fravel exercised supervision and control over the work being performed by decedent at the time of his electrocution. Thus, we conclude that the Public Administrator failed to meet his burden of establishing as a matter of law that Fravel "neither created nor had actual or constructive notice of the [allegedly] dangerous condition on the premises" (*Perry v City of Syracuse Indus. Dev. Agency*, 283 AD2d 1017, 1017 [2001]; *see Skinner v Oneida-Herkimer Solid Waste Mgt. Auth.*, 275 AD2d 890 [2000]; *cf. McNabb v Oot Bros., Inc.*, 64 AD3d 1237, 1240 [2009]). We have considered plaintiff's remaining contention and conclude that it is without merit. Present—Martoche, J.P., Smith, Fahey and Green, JJ.