# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1373

CA 13-00925

PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND WHALEN, JJ.

---

GARRETT HARGRAVE AND KARI JEAN HARGRAVE,
PLAINTIFFS-APPELLANTS-RESPONDENTS,

V                                                   MEMORANDUM AND ORDER

LECHASE CONSTRUCTION SERVICES, LLC,
DEFENDANT-RESPONDENT-APPELLANT.

---

KENNY & KENNY, PLLC, SYRACUSE (MICHAEL P. KENNY OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS-RESPONDENTS.

OSBORN, REED & BURKE, LLP, ROCHESTER (L. DAMIEN COSTANZA OF COUNSEL),
FOR DEFENDANT-RESPONDENT-APPELLANT.

---

Appeal and cross appeal from an order of the Supreme Court, Oswego County (Norman W. Seiter, Jr., J.), entered February 11, 2013. The order, among other things, denied in part the motion of defendant for summary judgment.

It is hereby ORDERED that the order so appealed from is modified on the law by granting defendant's motion in its entirety and dismissing the amended complaint and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this Labor Law and common-law negligence action seeking damages for injuries sustained by Garrett Hargrave (plaintiff) when he tripped on a piece of old insulation and fell on a stack of boards on a flat roof. The Penn Yan Central School District (District) hired defendant as the construction manager on a capital facilities project at its senior high school, and hired plaintiff's employer as the roofing contractor. At the time of his injury, plaintiff was walking backward on the roof dragging a new piece of insulation from one section of the roof to another section where his coworkers were working. Plaintiff testified at his deposition that a piece of old insulation had blown over from an upper roof into his path, causing him to trip. Supreme Court granted defendant's motion seeking summary judgment dismissing the amended complaint in part, dismissing only the Labor Law § 240 (1) and § 241 (6) causes of action, and plaintiffs now appeal and defendant cross-appeals. Plaintiffs raise no issues on appeal with respect to section 240 (1) and thus are deemed to have abandoned any issues with respect thereto (*see Hale v Odd Fellow & Rebekah Health Care Facility*, 302 AD2d 948, 949; *Ciesinski v Town of Aurora*, 202 AD2d 984, 984).

We reject plaintiffs' contention on their appeal that defendant was liable pursuant to Labor Law § 241 (6) as an agent of the District. A construction manager may be liable as an agent of the owner if "the manager had the ability to control the activity which brought about the injury" (*Walls v Turner Constr. Co.*, 4 NY3d 861, 863-864). " 'Defendant established as a matter of law that it was not an agent of the owner because the owner had not delegated to it the authority to supervise and control plaintiff's work' " (*Rowland v Wilmorite, Inc.*, 68 AD3d 1770, 1770). Pursuant to the express terms of the contract between defendant and the District, defendant "had no control over or responsibility for the safety of the workers at the construction site" (*Titus v Kirst Constr., Inc.*, 43 AD3d 1324, 1325; *see Uzar v Louis P. Ciminelli Constr. Co., Inc.*, 53 AD3d 1078, 1079; *Bateman v Walbridge Aldinger Co.*, 299 AD2d 834, 835, *lv denied* 100 NY2d 502). The deposition testimony and affidavits submitted by defendant established that defendant acted in accordance with its authority under the contract, i.e., coordinating the schedules of the contractors and ensuring that their work complied with the requirements of the construction documents, and did nothing more. Plaintiffs failed to raise a triable issue of fact whether defendant was liable as an agent of the District (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

We agree with defendant on its cross appeal that the court erred in denying those parts of its motion seeking dismissal of the Labor Law § 200 and common-law negligence causes of action, and we therefore modify the order by dismissing the amended complaint in its entirety. "Where the alleged defect or dangerous condition arises from the contractor's methods and the owner exercises no supervisory control over the operation, no liability attaches to the owner under the common law or under Labor Law § 200" (*Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877; *see McCormick v 257 W. Genesee, LLC*, 78 AD3d 1581, 1581). On the other hand, where the " 'plaintiff's injuries stem not from the manner in which the work was being performed[ ] but, rather, from a dangerous condition on the premises, [an owner or] general contractor may be liable in common-law negligence and under Labor Law § 200 if it has control over the work site and actual or constructive notice of the dangerous condition' " (*Miller v Savarino Constr. Corp.*, 103 AD3d 1137, 1138). Regardless of which theory applies here, defendant was not an agent of the owner and "was not responsible either for the performance of [plaintiff's] work or the premises on which that work was undertaken" (*id.* at 1139). Defendant therefore met its initial burden with respect to the section 200 and common-law negligence causes of action, and plaintiffs failed to raise a triable issue of fact (*see generally Zuckerman*, 49 NY2d at 562).

All concur except WHALEN, J., who dissents and votes to modify in accordance with the following Memorandum: I respectfully dissent because I cannot agree with the majority's conclusion that plaintiffs failed to raise a triable issue of fact whether defendant had supervisory control and authority over the work being done by the employer of Garrett Hargrave (plaintiff) (*see Walls v Turner Constr.*

*Co.*, 4 NY3d 861, 864).  I therefore conclude that Supreme Court erred in granting defendant's motion with respect to Labor Law § 241 (6) and properly denied it with respect to Labor Law § 200 and common-law negligence, and I would modify the order accordingly.

Plaintiffs submitted an affidavit from plaintiff's former coworker, who averred that although no safety devices were provided to the workers, it was his understanding that defendant had the authority to decide whether they were required.  Plaintiff's coworker further averred that representatives from defendant would come to the work site two or three times per week, and that one of the representatives, "Tom," would tell him and the other workers to pick up pieces of debris off the roof and to keep the work area clean.  Moreover, defendant's project manager testified at his deposition that defendant's onsite supervisor, Tom McCormack, would inspect the roof daily and had the authority to stop unsafe work on the site should students, faculty, or staff be in danger from the work being performed.  I conclude that a factfinder could reasonably infer that McCormack was the man identified by plaintiff's coworker.

Furthermore, plaintiff's coworker averred that there was a separate contractor working on the upper roof, i.e., the area that the insulation upon which plaintiff tripped came from.  In the absence of any evidence concerning the nature of the relationship between defendant and that unidentified contractor, a question of fact also remains whether defendant had "supervisory control and authority over the work being done" by that contractor (*id.* at 864).  Although defendant submitted proof that there were no contractors other than plaintiff's employer performing roofing work, we must view the evidence in the light most favorable to plaintiffs, the nonmoving parties (*see Nichols v Xerox Corp.*, 72 AD3d 1501, 1502).

Because a question of fact remains whether defendant had supervisory control over the work on the roof, the court erred in granting that part of defendant's motion for summary judgment dismissing the Labor Law § 241 (6) cause of action (*see Walls*, 4 NY3d at 864; *Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877).  For the same reason, I conclude that the court properly denied defendant's motion with respect to the section 200 and common-law negligence causes of action (*see Comes*, 82 NY2d at 877).

Entered:  March 21, 2014                          Frances E. Cafarell
                                                  Clerk of the Court