■ ERNEST BUSH, III, et al., Respondents, v GREGORY/ MADISON AVENUE, LLC, et al., Appellants. [764 NYS2d 262] —Order, Supreme Court, New York County (Richard Braun, J.), entered March 18, 2003, which denied defendants' motion and plaintiffs' cross motion for summary judgment and awarded plaintiffs $50 in costs against defendants, unanimously modified, on the law, to grant defendants' motion to the extent of dismissing the Labor Law § 200 claim against defendant Gregory/Madison Avenue, LLC, on the facts and in the exercise of discretion, and to strike the award of costs, and otherwise affirmed, without costs.

Summary judgment dismissing plaintiffs' Labor Law § 240 (1) cause of action was properly denied inasmuch as the record discloses the existence of triable issues of fact respecting whether a statutorily enumerated protective device would have been "necessary or even expected" to shield plaintiff, an ironworker, from the improperly secured angle iron that struck him as it fell from the floor above his work site (*see Roberts v General Elec. Co.,* 97 NY2d 737, 738 [2002], quoting *Narducci v Manhasset Bay Assoc.,* 96 NY2d 259, 268 [2001]). Also properly sustained as against defendants' summary judgment motion was plaintiffs' Labor Law § 241 (6) cause of action since triable questions exist as to whether defendants complied with concrete code specifications promulgated to protect workers from overhead hazards (*see* 12 NYCRR 23-1.7; *and see Rizzuto v Wenger Contr. Co.,* 91 NY2d 343, 348-350 [1998]). Defendants' motion was properly denied as well insofar as it sought dismissal of plaintiffs' Labor Law § 200 claim as against defendant contractor Turner Construction Co. Although defendants maintain that Turner had insufficient supervisory control over the construction site to support imposition of liability under Labor Law § 200, evidence indicating the presence of a Turner safety coordinator at the site with authority to stop work if a dangerous condition arose warrants a contrary inference and thus raises a triable issue of fact (*see Freitas v New York City Tr. Auth.,* 249 AD2d 184, 186 [1998]; *Gawel v Consolidated Edison Co.,* 237 AD2d 138, 138-139 [1997]). Defendants' motion should, however, have been granted insofar as it sought dismissal of plaintiffs' Labor Law § 200 claim as against defendant ground lessee Gregory/ Madison Avenue, LLC, since the record discloses that defendant retained no supervisory control over the work in the course of which plaintiff was injured.

Finally, inasmuch as neither plaintiffs nor defendants prevailed in the motion court and defendants' motion was not frivolous (*see* 22 NYCRR 130-1.1 [a], [c]), we perceive no basis for the motion court's award of costs to plaintiffs. Concur— Ellerin, J.P., Williams, Lerner, Friedman and Gonzalez, JJ.