ALAN MORTON et al., Respondents, v STATE OF NEW YORK, Appellant. (Claim No. 96522.) [788 NYS2d 124]—

In a claim, inter alia, to recover damages for personal injuries, etc., the defendant appeals (1), as limited by its brief, from so much of an order of the Court of Claims (Sise, J.), dated October 21, 2002, as denied its cross motion for summary judgment dismissing the claim to recover damages for violation of Labor Law § 241 (6), and (2) from an interlocutory judgment of the same court dated May 7, 2003, which, after a nonjury trial, and upon a decision of the same court dated April 9, 2003, is in favor of the claimants and against it on the issue of liability on the claim to recover damages for violation of Labor Law § 241 (6).

Ordered that the appeal from the interlocutory judgment is dismissed as academic in light of our decision on the appeal from the order; and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the cross motion which was for summary judgment dismissing the claim to recover damages for violation of Labor Law § 241 (6) is granted, that claim is dismissed, and the interlocutory judgment is vacated; and it is further,

Ordered that one bills of costs is awarded to the defendant.

The injured claimant, Alan Morton (hereinafter the claimant), was a construction worker employed by New York Water Service Company (hereinafter NY Water), a private company which provided water service to portions of Nassau County. On April 3, 1997, the claimant was a member of a four-person work crew assigned to perform emergency repairs on an underground water main located beneath a state-controlled roadway. NY Water did not obtain a highway work permit from the New York State Department of Transportation (hereinafter the DOT) to perform the repairs as required by Highway Law § 52 and Vehicle and Traffic Law § 1220-c, nor did NY Water notify the DOT before commencing the repairs.

The work crew excavated the roadway to access the water main, and the claimant allegedly was injured when one of the excavation walls collapsed on his leg. The claimant and his wife commenced this claim against the State of New York to recover damages for violations of Labor Law §§ 200, 240, and 241 and predicated upon common-law negligence. The claimants moved for summary judgment on the issue of liability on their claims to recover damages for violation of Labor Law § 241 (6) and predicated upon common-law negligence. The State cross-moved for summary judgment dismissing the claim to recover damages

for violation of Labor Law § 241 (6). The Court of Claims dismissed the claims predicated upon common-law negligence and Labor Law § 200, but found that the State violated Labor Law § 241 (6). The State appeals. We reverse insofar as appealed from.

The State is not liable to the claimants under Labor Law § 241 (6) because the claimant was not within the class of persons afforded protection under the statute. Since NY Water failed to obtain a highway work permit in violation of state law (*see* Highway Law § 52; Vehicle and Traffic Law § 1220-c), NY Water and the claimant trespassed on the State's property in performing excavation and repairs on the state highway (*see UA-Columbia Cablevision of Westchester v Fraken Bldrs.*, 114 AD2d 448, 449 [1985]). Since the claimant was performing work without the State's permission or knowledge, he was not a person "employed" at a work site within the meaning of the Labor Law, which defines such an individual as one "permitted or suffered to work" (Labor Law § 2 [7]). Therefore, the claimant was not within the class of persons afforded protection under Labor Law § 241 (6) (*see* Labor Law § 241 [6]; *Abbatiello v Lancaster Studio Assoc.*, 3 NY3d 46, 51 [2004]; *Mordkofsky v V.C.V. Dev. Corp.*, 76 NY2d 573, 577 [1990]; *Whelen v Warwick Val. Civic & Social Club*, 47 NY2d 970, 971 [1979]; *Bennett v Fairchild Republic Charter*, 298 AD2d 418, 419 [2002]).

The State submitted sufficient evidence demonstrating its prima facie entitlement to summary judgment by showing that the claimant's presence and activity on the state roadway was unlawful (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). In opposition, the claimants failed to raise a triable issue of fact. Therefore, the claim to recover damages for violation of Labor Law § 241 (6) should have been dismissed.

We do not address the remaining cause of action alleging violation of Labor Law § 240 as it was not addressed in the motion or cross motion, or by the Court of Claims. Smith, J.P., Adams, Crane and Lifson, JJ., concur.