■ SHAMSUL HAQUE, Respondent, v CROWN HEIGHTS NRP ASSOCIATES, LP, et al., Defendants, and BFC CONSTRUCTION CORP., Appellant. (And Other Titles.) [823 NYS2d 473]—

In an action to recover damages for personal injuries, BFC Construction Corp. appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated November 9, 2005, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly was injured when he was pouring acid into a basket while standing on a hanging scaffold at a construction site where the defendant BFC Construction Corp. (hereinafter BFC) served as a general contractor. The accident occurred on a Sunday. The plaintiff commenced this action, alleging, inter alia, violations of Labor Law §§ 240 and 241. BFC moved for summary judgment dismissing the complaint insofar as asserted against it, arguing, that Labor Law §§ 240 or 241 were not applicable because BFC did not give the plaintiff permission to work on Sundays. The Supreme Court, inter alia, denied BFC's motion.

To receive the benefits of Labor Law §§ 240 and 241, a worker must show that "he [or she] was both permitted or suffered to work on a building or structure and that he [or she] was hired by someone, be it owner, contractor or their agent" (*Whelen v Warwick Val. Civic & Social Club*, 47 NY2d 970, 971 [1979]; *see Morton v State of New York*, 13 AD3d 498 [2004]; *Morra v White*, 276 AD2d 536, 537 [2000]). In opposition to BFC's prima facie showing entitling it to summary judgment, the plaintiff, through his coworker's affidavit, raised a triable issue of fact as to whether he had permission to perform work on the date in question (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). Florio, J.P., Goldstein, Luciano and Lunn, JJ., concur.