■ NICHOLAS J. LoVERDE, JR., et al., Respondents, v 8 PRINCE STREET ASSOCIATES, LLC, et al., Appellants, et al., Defendant. [829 NYS2d 300]—

Appeal from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered October 4, 2005 in a personal injury action. The order, among other things, granted plaintiffs' cross motion for partial summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Nicholas J. LoVerde, Jr. (plaintiff), an employee of Timothy Kelly, was injured when he fell from a scaffold while demolishing the ceiling of a building. Defendant John Billone, Sr. was a principal of defendant 8 Prince Street Associates, LLC (Prince Street Associates), which owned the building (collectively, defendants). Plaintiffs commenced this action seeking damages for the violation of Labor Law §§ 200, 240 (1), and § 241 (6). Contrary to defendants' contentions, Supreme Court properly granted the cross motion of plaintiffs for partial summary judgment on liability on the section 240 (1) causes of action and denied the cross motion of defendants for summary judgment dismissing the complaint against them.

In support of their cross motion for summary judgment, defendants submitted the deposition testimony of the president of Prince Street Associates' property management company in which he testified that he had instructed Kelly that, because Kelly had no workers' compensation insurance, he was not to hire any employees for the demolition project unless they were hired through a temporary employment agency. Defendants contend that, because plaintiff was hired directly by Kelly against the instructions of their property manager, plaintiff was not within the class of persons entitled to protection under the Labor Law. We reject that contention. Defendants' reliance on *Abbatiello v Lancaster Studio Assoc.* (3 NY3d 46 [2004]) and *Morton v State of New York* (13 AD3d 498 [2004], *lv dismissed* 5 NY3d 783 [2005]) in support of that contention is misplaced. In those cases, the property owners had no relationship with the respective employers of the injured employees and had no knowledge of the employers' presence on the property (*see Abbatiello*, 3 NY3d at 50-51; *Morton*, 13 AD3d at 499-500). Here, although Prince Street Associates' agent allegedly limited the type of employee that Kelly could employ, Prince Street Associates expressly contracted for the work being performed by plaintiff at the time of his injury. Thus, plaintiff was "both permitted or suffered to work on [defendants' building] and . . . was hired by . . . [a] contractor" (*Whelen v Warwick Val. Civic & Social Club*, 47 NY2d 970, 971 [1979]).

We further conclude that defendants failed to establish in support of that part of their cross motion with respect to the Labor Law § 240 (1) causes of action that plaintiff chose to assemble the scaffolding without affixing available safety railings and thus that his own conduct was the sole proximate cause of the accident, and they also failed to raise a triable issue of fact in that respect, to defeat plaintiffs' cross motion (*cf. Robinson v East Med. Ctr., LP*, 6 NY3d 550, 555 [2006]; *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 290 [2003]). Moreover, because the absence of a safety railing or any other device to prevent plaintiff's fall constituted a violation of Labor Law § 240 (1), plaintiff's alleged conduct in attempting to move the scaffold without first unlocking the wheel brakes would amount only to comparative fault and thus cannot bar recovery under the statute (*see Blake*, 1 NY3d at 289-290; *Bland v Manocherian*, 66 NY2d 452, 461 [1985]). Present—Scudder, P.J., Hurlbutt, Gorski and Martoche, JJ.