■ CLARENCE F. RIORDAN et al., Respondents, v ROBERT F. HYLAND & SONS, INC., et al., Defendants, and BOCES OF ROCHESTER, Appellant. [842 NYS2d 633]—

Appeal from an order of the Supreme Court, Cattaraugus County (Larry M. Himelein, A.J.), entered September 15, 2006 in a personal injury action. The order, insofar as appealed from, denied the cross motion of defendant BOCES of Rochester for summary judgment dismissing the complaint against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiffs commenced this Labor Law and common-law negligence action to recover damages for injuries sustained by Clarence F. Riordan (plaintiff) while he was working on the reconstruction of a school that was leased in part by defendant BOCES of Rochester (BOCES). Supreme Court properly denied the cross motion of BOCES to the extent that it sought summary judgment dismissing the Labor Law § 240 (1) and § 241 (6) claims against it on the ground that it lacked the authority to control the work site. BOCES failed to meet its

initial burden of establishing that defense as a matter of law (*see Riordan v BOCES of Rochester*, 4 AD3d 869, 870 [2004]; *see generally Copertino v Ward*, 100 AD2d 565, 567 [1984]). The court also properly denied that part of the cross motion of BOCES seeking summary judgment dismissing the Labor Law § 240 (1) claim against it on the ground that plaintiff was not engaged in an activity protected by that statute when he was injured. The record establishes that there is a triable issue of fact whether plaintiff was engaged in an unprotected activity when he was injured, i.e., sliding down a muddy embankment (*see Williams v White Haven Mem. Park*, 227 AD2d 923 [1996]), or whether he was engaged in a protected activity, i.e., falling into an excavation site (*see Covey v Iroquois Gas Transmission Sys.*, 89 NY2d 952 [1997]; *Bockmier v Niagara Recycling*, 265 AD2d 897 [1999]). The court also properly denied that part of the cross motion of BOCES seeking summary judgment dismissing the Labor Law § 241 (6) claim against it on the ground that the only regulation relied upon by plaintiff in opposition to the cross motion, i.e., 12 NYCRR 23-4.3, is inapplicable to the facts of this case (*see Bockmier*, 265 AD2d 897 [1999]). Finally, the court properly denied that part of the cross motion of BOCES seeking summary judgment dismissing the Labor Law § 200 claim and common-law negligence cause of action against it inasmuch as the submissions of BOCES in support of its cross motion raise triable issues of fact whether it had supervisory control over the work or had actual or constructive notice of the allegedly dangerous condition that caused plaintiff's injuries (*see Hennard v Boyce*, 6 AD3d 1132, 1133 [2004]; *see also Finger v Cortese*, 28 AD3d 1089 [2006]). Present—Scudder, P.J., Martoche, Lunn, Peradotto and Green, JJ.