■ Mark S. Willard, Respondent, v Thomas Simone & Son Builders, Inc., Appellant and Third-Party Plaintiff. David B. Sanderson, Doing Business as Pioneer Construction, Third-Party Defendant-Appellant. [846 NYS2d 513]—

Appeals from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered April 24, 2006. The order, insofar as appealed from, denied in part the motion of third-party defendant and the cross motion of defendant and third-party plaintiff for summary judgment and granted plaintiff's cross motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1).

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained when he slid feet first from the roof of a house he was constructing. As a result of the fall, plaintiff fractured his heels and was required to undergo reconstructive surgery. Defendant and third-party plaintiff, Thomas Simone & Son Builders, Inc. (Simone), was the owner and developer of the site where defendant was working, and Simone had hired plaintiff's employer, third-party defendant, David B. Sanderson, doing business as Pioneer Construction (Pioneer), to frame a residence at the location.

On the day of the accident, plaintiff and David Sanderson were nailing plywood onto the roof of the house. Plaintiff was standing on plywood sheets on the front forks of a forklift, which had been elevated to the level of the roof, about 16 or 18 feet from the ground. He was cutting the sheets to the dimensions needed by Sanderson, who was standing on the roof of the house, and Sanderson then nailed them into place. In attempting to access a portable bathroom on the construction site, plaintiff stepped off the forklift onto the roof and walked over to a window. He intended to step through the window, walk across a header to the second story floor, and reach the portable bathroom by way of a ladder or interior scaffolding. When he discovered that he was unable to descend in that manner, he attempted to walk back across the roof toward the forklift, whereupon he slipped and fell to the ground.

We reject the contentions of Simone and Pioneer that plaintiff's actions were the sole proximate cause of the accident and thus that Supreme Court erred in granting the cross motion of plaintiff for partial summary judgment on his Labor Law § 240 (1) cause of action. Labor Law § 240 (1) imposes a duty upon a contractor or owner to provide proper protection to workers employed in elevation-related work (*see generally Misseritti v Mark IV Constr. Co.*, 86 NY2d 487, 490-491 [1995], *rearg denied* 87 NY2d 969 [1996]). Where the failure to do so causes injury to the worker, the contractor or owner is liable for those injuries unless the worker's own actions are the sole proximate cause of the accident (*see Robinson v East Med. Ctr., LP*, 6 NY3d 550, 554 [2006]; *see also Figueiredo v New Palace Painters Supply Co. Inc.*, 39 AD3d 363, 364 [2007]; *LoVerde v 8 Prince St. Assoc., LLC*, 35 AD3d 1224, 1226 [2006]). Here, plaintiff established that neither Simone nor Pioneer provided him with a proper safety device on the day of the accident. The forklift was the only means by which to access the roof or to descend from it, and the forklift was neither designed as an elevation

safety device nor adequate for that purpose as used here, because it could not be controlled from the rooftop where plaintiff and Sanderson were working. We thus conclude that plaintiff established as a matter of law that his actions in attempting to descend by climbing onto the roof and through a window were neither negligent nor the sole proximate cause of plaintiff's fall (*cf. Robinson*, 6 NY3d at 555; *Montgomery v Federal Express Corp.*, 4 NY3d 805 [2005]), and Simone and Pioneer failed to raise an issue of fact sufficient to defeat plaintiff's cross motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

We further conclude that the court properly denied that part of Pioneer's motion for summary judgment dismissing the cause of action in the third-party complaint for contractual indemnification. Although Pioneer submitted evidence to the effect that a contract with Simone for indemnification was never signed, the deposition testimony of Thomas Simone submitted by Pioneer in support of its motion establishes the existence of a contract signed by Sanderson's then partner. With respect to the further contention of Pioneer that the court erred in denying that part of its motion for summary judgment dismissing the third-party complaint insofar as it sought common-law indemnification, we note that the court did in fact grant that part of Pioneer's motion. Present—Scudder, P.J., Hurlbutt, Gorski, Centra and Green, JJ.