■ PATRICIA PREDMORE, Appellant, v EJ CONSTRUCTION GROUP, INC., Respondent. [857 NYS2d 864]—

Appeal from an order of the Supreme Court, Onondaga County (James P. Murphy, J.), entered September 6, 2007 in a personal injury action. The order, insofar as appealed from,

granted in part defendant's motion for summary judgment and denied plaintiff's cross motion for partial summary judgment on liability.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying the motion in its entirety and reinstating the complaint and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries she sustained when she was struck by a falling piece of rebar at a construction site. We conclude that Supreme Court erred in granting those parts of the motion of defendant, the subcontractor hired to perform iron work on the construction project, seeking summary judgment dismissing the third and fourth causes of action, alleging the violation of Labor Law § 240 (1) and § 241 (6), and that part of the first cause of action with respect to those Labor Law sections. We therefore conclude that the court should have denied the motion in its entirety, and we modify the order accordingly. A subcontractor may be held liable under those sections of the Labor Law where the subcontractor is an agent of the owner or general contractor (*see Russin v Louis N. Picciano & Son*, 54 NY2d 311, 317-318 [1981]), and defendant failed to meet its initial burden of establishing as a matter of law that it was not an agent of either the owner or the general contractor. Indeed, defendant's submissions raise triable issues of fact whether defendant had the authority "to supervise or control plaintiff or the injury-producing work" (*Millard v Hueber-Breuer Constr. Co.*, 4 AD3d 817, 818 [2004]; *cf. Bateman v Walbridge Aldinger Co.*, 299 AD2d 834, 835 [2002], *lv denied* 100 NY2d 502 [2003]; *Phillips v Wilmorite, Inc.*, 281 AD2d 945, 946 [2001]). We further conclude that the court properly denied that part of plaintiff's cross motion seeking partial summary judgment on liability with respect to Labor Law § 240 (1). Plaintiff failed to meet her initial burden because she submitted only an attorney's affirmation in support of her cross motion and failed to incorporate the exhibits submitted by defendant in support of its motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Present—Hurlbutt, J.P., Smith, Fahey, Green and Pine, JJ.