MARK HARRIS, Appellant-Respondent, v HUEBER-BREUER CONSTRUCTION CO., INC., Respondent-Appellant, and COLONIE MASONRY CORP. OF ALBANY, INC., et al., Respondents. [890 NYS2d 235]—

Appeal and cross appeal from an order of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered July 31, 2008 in a personal injury action. The order, among other things, granted in part the motion of defendant Hueber-Breuer Construction Co., Inc. for summary judgment and denied plaintiff's cross motion for partial summary judgment.

It is hereby ordered that the order so appealed from is

unanimously modified on the law by denying those parts of the motion of defendant Colonie Masonry Corp. of Albany, Inc. with respect to the common-law negligence, Labor Law §§ 200, 240 (1) and § 241 (6) causes of action insofar as the latter cause of action is based on the alleged violations of 12 NYCRR 23-1.7 (f); 23-5.1 (e) (1); and 23-5.3 (f) and reinstating those causes of action to that extent against that defendant, and by denying those parts of the motion of defendants Hueber-Breuer Construction Co., Inc., College of the Senecas, Hobart College, William Smith College and Hobart and William Smith College with respect to the Labor Law § 240 (1) and § 241 (6) causes of action insofar as the latter cause of action is based on the alleged violations of 12 NYCRR 23-1.7 (f); 23-5.1 (e) (1); and 23-5.3 (f) and reinstating those causes of action to that extent against those defendants and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained while working at a construction site. Defendant Hueber-Breuer Construction Co., Inc. (Hueber) was the general contractor on the project, the College defendants owned the building under construction, and defendant Colonie Masonry Corp. of Albany, Inc. (Colonie) was a masonry subcontractor. Plaintiff was allegedly injured when he attempted to descend a multi-level scaffold from the roof of the building to the ground. According to plaintiff, while descending from one tier of the scaffold to a lower tier to access a building window, he observed that the lower tier was not fully planked, and he injured his neck in attempting to prevent himself from falling as he stepped onto the lower tier.

We agree with plaintiff on his appeal that Supreme Court erred in granting those parts of the motions of defendants seeking summary judgment dismissing the Labor Law § 240 (1) cause of action, and we therefore modify the order accordingly. Defendants' own submissions raised triable issues of fact whether the injury to plaintiff " 'was proximately caused by the failure of a safety device to afford him proper protection from an elevation-related risk,' " despite the fact that he did not fall to the ground (*Franklin v Dormitory Auth. of State of N.Y.*, 291 AD2d 854, 854 [2002]; *see also Lacey v Turner Constr. Co.*, 275 AD2d 734, 735 [2000]). The court, however, properly denied plaintiff's cross motion seeking partial summary judgment on liability with respect to that cause of action. Although plaintiff established his entitlement to judgment as a matter of law with respect thereto, we conclude that defendants raised triable issues of fact whether safe alternative means of descending from

the roof were available to plaintiff and whether his failure to use those alternative means was the sole proximate cause of his injury (*see Montgomery v Federal Express Corp.*, 4 NY3d 805 [2005]; *cf. Willard v Thomas Simone & Son Bldrs., Inc.*, 45 AD3d 1276, 1277-1278 [2007]).

We further conclude that the court erred in granting those parts of the motions of defendants seeking summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as it is based on the alleged violations of 12 NYCRR 23-1.7 (f); 23-5.1 (e) (1); and 23-5.3 (f), and we therefore further modify the order accordingly. We agree with plaintiff that defendants failed to establish as a matter of law that they did not violate those regulations or that any alleged violations were not a proximate cause of plaintiff's injuries (*see Clapp v State of New York* [appeal No. 2], 19 AD3d 1113 [2005]). We agree with the court, however, that 12 NYCRR 23-1.7 (b) does not apply to the accident because plaintiff did not fall into a hazardous opening (*see Bennion v Goodyear Tire & Rubber Co.*, 229 AD2d 1003 [1996]).

The court erred in granting those parts of the motion of Colonie seeking summary judgment dismissing the Labor Law § 240 (1) and § 241 (6) causes of action against it on the additional ground that Colonie is not subject to the liability under those statutes based on its status as a subcontractor. Colonie failed to meet its initial burden of establishing as a matter of law that it was not an agent of Hueber or the Colleges (*see Predmore v EJ Constr. Group, Inc.*, 51 AD3d 1405, 1406 [2008], *lv dismissed* 10 NY3d 952 [2008]). Even assuming, arguendo, that Colonie established its entitlement to judgment as a matter of law dismissing those causes of action against it, we conclude that the submissions of plaintiff, Hueber and the College defendants "raise triable issues of fact whether [Colonie] had the authority 'to supervise or control plaintiff or the injury-producing work' " and thus whether Colonie is subject to liability as an agent of the owner or general contractor (*Predmore*, 51 AD3d at 1406). Based on our determination herein that the Labor Law § 241 (6) cause of action is viable only to the extent that it is based on the alleged violations of 12 NYCRR 23-1.7 (f); 23-5.1 (e) (1); and 23-5.3 (f), we conclude that the issues of fact concerning Colonie's liability as an agent with respect to Labor Law § 241 (6) are limited to the alleged violations of those regulations. The court also erred in granting those parts of the motion of Colonie seeking summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action against it, and we therefore further modify the order accordingly. There are triable issues of fact whether Colonie "pos-

sessed the requisite supervisory control over that portion of the work activity bringing about the injury to enable it to prevent the creation of the unsafe condition or plaintiff's exposure to it" (*Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 353 [1998]).

Finally, we reject the contention of Hueber on its cross appeal that the court erred in denying that part of its motion seeking summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action against it. By its own submissions, Hueber raised a triable issue of fact whether it had supervisory control over plaintiff's work (*see Riordan v Robert F. Hyland & Sons, Inc.*, 43 AD3d 1329 [2007]). Present— Hurlbutt, J.P., Martoche, Centra, Green and Gorski, JJ.