■ PABLO PAREJA, Respondent, v ANTHONY DAVIS, Appellant.
[30 NYS3d 78]—

Order, Supreme Court, New York County (Anil C. Singh, J.), entered March 2, 2015, which, to the extent appealed from, denied defendant's motion for summary judgment dismissing the Labor Law §§ 240 (1) and 241 (6) claims, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.

Defendant established prima facie that he was entitled to the exemption under the Labor Law for "owners of one and two-family dwellings who contract for but do not direct or control the work" (Labor Law §§ 240 [1]; 241 [6]). Neither he nor his agent directed or controlled the methods and means of plaintiff's work (see Affri v Basch, 13 NY3d 592 [2009]; Marcano v Hailey Dev. Group, LLC, 117 AD3d 518 [1st Dept 2014]; Chambers v Tom, 95 AD3d 666 [1st Dept 2012]; see also Fiorentine v Militello, 275 AD2d 990 [4th Dept 2000]). Defendant was living in England during the renovations, and visited the site only occasionally. Plaintiff testified that the general contractor, his employer, provided the ladder from which he fell, and placed the cloth under its feet. Plaintiff further testified that he received his work instructions from the general contractor's foreman, not from defendant's agent, who was not at the site when he undertook the work leading to his accident and who never interacted with any of the workers.

Further, defendant's agent lacked the authority to direct or control the methods and means of plaintiff's work. The agency agreement expressly excludes from the agent's duties "[d]etermining, approving or disapproving construction means and methods," and nothing else in the agreement contradicts this express exclusion. Indeed, the agent's contractual powers are targeted to general management of the project schedule and budget. While the agent testified that he might raise safety or quality-of-work issues with the members of the renovation team if he happened to observe any, he was not authorized to do so by defendant, and, even if he were so authorized, he did not say that he would or could direct or control the specific methods and means of plaintiff's work.

In opposition, plaintiff failed to raise an issue of fact as to defendant's entitlement to the homeowner's exemption. He offered merely unfounded speculation as to defendant's commercial use of the house (*see Farias v Simon*, 122 AD3d 466, 467 [1st Dept 2014]). Concur—Sweeny, J.P., Saxe, Moskowitz, Gische and Webber, JJ.