Robinson v Spragues Wash. Sq., LLC (2018 NY Slip Op 01007)





Robinson v Spragues Wash. Sq., LLC


2018 NY Slip Op 01007


Decided on February 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, NEMOYER, AND CURRAN, JJ.


1283 CA 17-00646

[*1]NORMAN ROBINSON, JR., PLAINTIFF-APPELLANT-RESPONDENT,
v
SPRAGUES WASHINGTON SQUARE, LLC, BILL GUGINO BUILDERS, INC., DEFENDANTS-RESPONDENTS-APPELLANTS, AND TIMOTHY GAREY, AN INDIVIDUAL ON BEHALF OF AN ENTITY TO BE FORMED, DEFENDANT-RESPONDENT. 






DOLCE PANEPINTO, P.C., BUFFALO (ANNE M. WHEELER OF COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT.
LIPPES MATHIAS WEXLER FRIEDMAN LLP, BUFFALO (BRENDAN H. LITTLE OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT SPRAGUES WASHINGTON SQUARE, LLC AND DEFENDANT-RESPONDENT.
AUGELLO & MATTELIANO, LLP, BUFFALO (JOSEPH MATTELIANO OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT BILL GUGINO BUILDERS, INC. 


 Appeal and cross appeals from an order of the Supreme Court, Cattaraugus County (Michael L. Nenno, A.J.), entered July 7, 2016. The order, among other things, denied that part of plaintiff's motion for partial summary judgment on the issue of liability under Labor Law § 240 (1) and granted those parts of the motion of defendant Spragues Washington Square, LLC and the cross motion of defendant Bill Gugino Builders, Inc. for summary judgment dismissing plaintiff's Labor Law 
§ 241 (6) cause of action.
It is hereby ORDERED that the order so appealed from is modified on the law by denying those parts of the motion of defendant Spragues Washington Square, LLC and the cross motion of defendant Bill Gugino Builders, Inc. seeking dismissal of the Labor Law § 241 (6) cause of action against them insofar as it is based upon the alleged violation of 12 NYCRR 23-1.8 (c) (1) and reinstating that cause of action to that extent, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries that he sustained while working on a commercial redevelopment project. The project entailed the conversion of property formerly used for manufacturing into a multifaceted retail space. Plaintiff was injured when he was attempting to install a door frame in an exterior doorway. The frame became stuck, and when plaintiff tried to free it, a steel lintel fell on his head. The lintel was four and a half feet long and weighed 50 pounds.
The complaint sets forth causes of action alleging violations of Labor Law §§ 200, 240 (1) and 241 (6), and common-law negligence against, inter alia, defendant Spragues Washington Square, LLC (SWS), the owner of the building, and defendant Bill Gugino Builders, Inc. (BGB), which was allegedly the general contractor or the agent of SWS on the project.
Plaintiff appeals and SWS and BGB cross-appeal from an order that, inter alia, denied that part of plaintiff's motion for partial summary judgment on the issue of liability under Labor Law § 240 (1), granted those parts of the motion of SWS and the cross motion of BGB seeking summary judgment dismissing plaintiff's Labor Law § 241 (6) cause of action, and otherwise [*2]denied the motion of SWS and the cross motion of BGB seeking summary judgment dismissing the complaint and cross claims against them.
Addressing first BGB's cross appeal, BGB contends, inter alia, that it was entitled to summary judgment dismissing the Labor Law causes of action and related cross claims against it on the ground that, contrary to plaintiff's allegations, it is not subject to liability under the Labor Law as a general contractor or an agent of SWS. We reject that contention. "An entity is a contractor within the meaning of Labor Law § 240 (1) and § 241 (6) if it had the power to enforce safety standards and choose responsible subcontractors . . . , and an entity is a general contractor if, in addition thereto, it was responsible for coordinating and supervising the . . . project" (Mulcaire v Buffalo Structural Steel Constr. Corp., 45 AD3d 1426, 1428 [4th Dept 2007] [internal quotation marks omitted]). In addition, an entity that serves as "a construction manager may be vicariously liable as an agent of the property owner . . . where the manager had the ability to control the activity which brought about the injury' " (Bausenwein v Allison, 126 AD3d 1466, 1468 [4th Dept 2015]). Here, BGB's own submissions raise triable issues of fact whether BGB had the authority to supervise or control the injury-producing work, and thus whether it may be held liable as a general contractor or an agent of the owner (see Predmore v EJ Constr. Group, Inc., 51 AD3d 1405, 1406 [4th Dept 2008], lv dismissed 10 NY3d 952 [2008]). Contrary to plaintiff's contention on his appeal, however, he failed to establish as a matter of law that BGB was the general contractor or the agent of SWS, and he is therefore not entitled to partial summary judgment on that issue.
With regard to plaintiff's Labor Law § 200 and common-law negligence causes of action against BGB, we conclude that, contrary to BGB's contention on its cross appeal, it failed to eliminate triable issues of fact whether it had " control over the work site and actual or constructive notice of the dangerous condition' " that allegedly caused plaintiff's injuries (Ozimek v Holiday Val., Inc., 83 AD3d 1414, 1416 [4th Dept 2011]).
Contrary to the contentions of SWS and BGB on their cross appeals, Supreme Court properly denied their respective motion and cross motion insofar as they sought summary judgment dismissing the Labor Law § 240 (1) cause of action and, contrary to the contention of plaintiff on his appeal, the court properly denied that part of plaintiff's motion seeking partial summary judgment on liability under section 240 (1). The evidence submitted by the parties fails to answer conclusively "the single decisive question" with respect to that cause of action, i.e., "whether plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential" (Runner v New York Stock Exch., Inc., 13 NY3d 599, 603 [2009]). Contrary to our dissenting colleagues, we conclude that whether the lintel was installed by plaintiff or by employees of another subcontractor has no bearing on whether SWS and BGB discharged their nondelegable duty under the statute (see generally Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 500 [1993]). Moreover, we cannot agree with the dissent that plaintiff's deposition testimony eliminated triable issues of fact whether the lintel required securing for the purpose of his undertaking. Rather, we conclude that the evidence fails to establish whether the lintel was permanently secured to the building with mortar or temporarily installed on top of the doorframe, and thus triable issues of fact remain "whether a statutorily enumerated protective device would have been necessary or even expected' to shield plaintiff" from the falling lintel (Bush v Gregory/Madison Ave., 308 AD2d 360, 361 [1st Dept 2003]). We also reject the contentions of SWS and BGB that plaintiff's conduct was the sole proximate cause of his injuries based upon his decision to dislodge the door frame by hand rather than by using a sledgehammer that was available at the job site. Triable issues of fact remain whether the lintel was adequately secured before plaintiff attempted to dislodge the door frame (see Quattrocchi v F.J. Sciame Constr. Corp., 11 NY3d 757, 759 [2008]).
We reject the contention of SWS that the court erred in denying its motion seeking summary judgment dismissing the complaint and cross claims against it in their entirety on the ground that plaintiff was a special employee of SWS and thus is barred by the exclusive remedy provisions of the Workers' Compensation Law from maintaining this action against SWS (see Workers' Compensation Law §§ 11, 29 [6]; Cleary v Walden Galleria, LLC, 145 AD3d 1524, 1525 [4th Dept 2016]). The court properly concluded that triable issues of fact remain whether plaintiff was a special employee of SWS on the project (see generally Thompson v Grumman Aerospace Corp., 78 NY2d 553, 557 [1991]).
We agree with plaintiff on his appeal, however, that the court erred in granting those parts of the motion of SWS and the cross motion of BGB dismissing the Labor Law § 241 (6) cause of action insofar as it is predicated on a violation of 12 NYCRR 23-1.8 (c) (1). SWS and BGB failed to establish as a matter of law that plaintiff was not working in an "area where there [was] a danger of being struck by falling objects or materials or where the hazard of head bumping exist[ed]" (12 NYCRR 23-1.8 [c] [1]; see Cantineri v Carrere, 60 AD3d 1331, 1333 [4th Dept 2009]). We therefore modify the order accordingly. Contrary to plaintiff's contention, BGB and SWS established their entitlement to judgment dismissing the section 241 (6) cause of action insofar as it is predicated on a violation of 12 NYCRR 23-1.7 (a), and plaintiff failed to raise a triable issue of fact (see Marin v AP-Amsterdam 1661 Park LLC, 60 AD3d 824, 826 [2d Dept 2009]).
All concur except Nemoyer and Curran, JJ., who dissent in part and vote to modify in accordance with the following memorandum: We respectfully dissent in part. We depart from our colleagues in the majority solely on the ground that we conclude that Supreme Court erred in denying those parts of the motion of defendant Spragues Washington Square, LLC (SWS) and the cross motion of defendant Bill Gugino Builders, Inc. (BGB) seeking summary judgment dismissing the Labor Law § 240 (1) cause of action inasmuch as SWS and BGB established as a matter of law that the lintel did not fall on plaintiff as a consequence of the absence or inadequacy of an enumerated safety device. We would therefore further modify the order accordingly.
It is well settled that "not every object that falls on a worker[] gives rise to the extraordinary protection of Labor Law § 240 (1). Rather, liability is contingent upon the existence of a hazard contemplated in section 240 (1) and the failure to use, or the inadequacy of, a safety device of the kind enumerated therein" (Narducci v Manhasset Bay Assoc., 96 NY2d 259, 267 [2001]). Here, the evidence submitted by SWS and BGB in support of their motion and cross motion established as a matter of law that the lintel did not "require[] securing for the purposes of the undertaking" (Outar v City of New York, 5 NY3d 731, 732 [2005]), and did not fall because of the absence or inadequacy of a safety device (see Narducci, 96 NY2d at 268-269). Rather, the evidence established that the lintel had previously been installed by another subcontractor, and plaintiff was not in any way involved in that installation. Moreover, SWS and BGB submitted plaintiff's deposition, in which he testified that the type of lintel at issue was the kind that was permanently installed before he performed the framing work. Thus, the lintel had become part of the building's permanent structure upon installation, did not require securing for the purposes of plaintiff's undertaking, and did not fall because of a lack of a safety device.
The majority's determination that a question of fact exists whether the lintel was temporarily, as opposed to permanently, installed is based on speculation. The majority's reliance on Bush v Gregory/Madison Ave. (308 AD2d 360, 361 [1st Dept 2003]) is misplaced inasmuch as that case is distinguishable. In Bush, unlike here, safety devices were required because the workers were in the process of securing the lintel in question when it fell and injured the plaintiff ironworker.
Finally, in our view, extending the protections of Labor Law
§ 240 (1) to this case "extends the reach of section 240 (1) beyond its intended purpose to any component that may lend support to a structure" (Fabrizi v 1095 Ave. of the Ams., L.L.C., 22 NY3d 658, 663
[2014]).
Entered: February 9, 2018
Mark W. Bennett
Clerk of the Court