Dennis v Cerrone (2018 NY Slip Op 08783)





Dennis v Cerrone


2018 NY Slip Op 08783


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, AND WINSLOW, JJ.


1023 CA 18-00309

[*1]JOSEPH DENNIS, PLAINTIFF-APPELLANT,
v
VINCENT CERRONE, AND MARK CERRONE, INC., DEFENDANTS-RESPONDENTS. 






DOLCE PANEPINTO, P.C., BUFFALO (SEAN E. COONEY OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (JUSTIN HENDRICKS OF COUNSEL), FOR DEFENDANT-RESPONDENT VINCENT CERRONE.
MAGAVERN MAGAVERN GRIMM LLP, NIAGARA FALLS (EDWARD P. PERLMAN OF COUNSEL), FOR DEFENDANT-RESPONDENT MARK CERRONE, INC. 


 Appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered August 10, 2017. The order, insofar as appealed from, denied the motion of plaintiff for partial summary judgment, granted the cross motion of defendant Vincent Cerrone for summary judgment and granted in part the cross motion of defendant Mark Cerrone, Inc., for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying defendant Mark Cerrone, Inc.'s cross motion in its entirety and reinstating the first cause of action against it, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries that he allegedly sustained while performing framing work at a residential construction project. At the time of the accident, plaintiff fell through a hole in the ground level subfloor that had been created for the installation of basement stairs. Vincent Cerrone (defendant) owned the property and hired various contractors to complete different portions of the work. Plaintiff was employed by a nonparty contractor that had been hired by defendant to complete the framing portion of the project. Several employees of defendant Mark Cerrone, Inc. (MCI), of which defendant was part owner, general superintendent, and vice president, also completed work on various aspects of the project. Plaintiff asserted causes of action against defendant and MCI for common-law negligence and violations of Labor Law §§ 200, 240 (1), and 241 (6). Plaintiff now appeals from an order that denied his motion for summary judgment on defendants' liability under Labor Law §§ 240 (1) and 241 (6), granted defendant's cross motion for summary judgment dismissing the amended complaint against him, and granted in part MCI's cross motion for summary judgment and dismissed the Labor Law § 240 (1) cause of action against it.
Contrary to plaintiff's contention, we conclude that Supreme Court properly granted defendant's cross motion with respect to the causes of action under Labor Law §§ 240 (1) and 241 (6). "Labor Law §§ 240 (1) and 241 (6) exempt from liability owners of one[-] and two-family dwellings who contract for but do not direct or control the work . . . , i.e., homeowners of such dwellings who do not give specific direction as to how the injured plaintiff was to accomplish the injury-producing work" (Bausenwein v Allison, 126 AD3d 1466, 1467 [4th Dept 2015] [internal quotation marks omitted]; see Ledwin v Auman, 60 AD3d 1324, 1325 [4th Dept 2009]). Here, defendant met his initial burden of establishing as a matter of law that neither he nor any MCI employee acting as his agent "directed or controlled the methods and means of plaintiff's work" (Pareja v Davis, 138 AD3d 615, 615 [1st Dept 2016]). In support of [*2]his cross motion, defendant submitted his own deposition, in which he testified that he was in Australia at the time of plaintiff's accident. Furthermore, he submitted other deposition testimony establishing that plaintiff's employer, who is not a party to this action, instructed plaintiff on how to complete the work, and about workplace safety. In response, plaintiff failed to raise an issue of fact.
We reject plaintiff's further contention that defendant's freedom from liability under Labor Law §§ 240 (1) and 241 (6) necessarily implicates MCI's liability thereunder, and therefore reject the contention that the court erred in denying that part of his motion seeking summary judgment with respect to MCI's liability under those sections of the Labor Law. Defendant effectively acted as his own general contractor, and that fact " [does] not bar application of the single-family homeowner exemption [because he] did not control or direct the method or manner of the work being performed by plaintiff at the time of the injury' " (McNabb v Oot Bros., Inc., 64 AD3d 1237, 1239 [4th Dept 2009]). The issue whether MCI is subject to liability under Labor Law §§ 240 (1) or 241 (6) as a contractor or an agent is an entirely separate question from defendant's personal liability. That defendant did not control plaintiff's work does not automatically require a finding that MCI must have controlled it, and therefore does not require granting plaintiff's motion for partial summary judgment regarding the section 240 (1) and 241 (6) causes of action against MCI.
We agree with plaintiff, as MCI correctly concedes, that the court erred in determining that plaintiff was not engaged in an activity protected under Labor Law § 240 (1) at the time of the accident (see McKay v Weeden, 148 AD3d 1718, 1719 [4th Dept 2017]). Further, in light of that determination, and the fact that MCI correctly conceded in its brief and at oral argument that questions of fact exist with respect to whether it had the requisite authority to control or supervise the work, we modify the order by denying MCI's cross motion in its entirety and reinstating the Labor Law § 240 (1) cause of action against it (see generally Harris v Hueber-Breuer Constr. Co., Inc., 67 AD3d 1351, 1352-1353 [4th Dept 2009]).
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court